UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL JOSEPH WIK,

Plaintiff,

DECISION AND ORDER

-vs-

6:25-CV-06268-MAV

CITY OF ROCHESTER,

Defendant.[1]

## INTRODUCTION

The City of Rochester ("City") commenced this action on April 26, 2023, in New York State Supreme Court, Monroe County, seeking foreclosure of tax liens on properties owned by Daniel Joseph Wik ("Wik"). Following over two years of state court litigation, Wik, proceeding *pro se*, filed a notice of removal to federal court. Currently pending before the Court is the City's motion to remand on grounds that removal is untimely and the Court lacks subject matter jurisdiction. The motion is fully briefed. Because the Court lacks subject matter jurisdiction, the City's motion is GRANTED, and the case is remanded to New York State Supreme Court, Monroe County.

## DISCUSSION

A civil action brought in state court may be removed to federal court only if the

[1] The caption is incorrect on the docket. This is a removal action in which the City of Rochester is the Petitioner in a state court foreclosure proceeding and Daniel Joseph Wik is the Respondent. Because the Court is ultimately remanding the case back to state court, as discussed below, the caption need not be corrected.

federal court would have had original subject matter jurisdiction over the action in the first place. 28 U.S.C. § 1441(a). In general, that means the court must have jurisdiction based either on a question of federal law, *see* 28 U.S.C. § 1331, or on diversity of citizenship, *see* 28 U.S.C. § 1332. *Howorka v. KeyBank, N.A.*, No. 25-CV-658-LJV, 2026 WL 864193, at *3 (W.D.N.Y. Mar. 30, 2026). "In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke federal question jurisdiction, "the plaintiff's claims alleged in the state court action must arise" under federal law. *Einhorn v. Best*, 2011 WL 1046064, at *3 (S.D.N.Y. Feb. 10, 2011) (citing 28 U.S.C. § 1331). Here, Wik appears to allege that the City's foreclosure action triggers that Court's admiralty or maritime jurisdiction. *See* ECF No. 1 at 3–4. However, the City initiated the action pursuant to Title 4 of Part E of Article IX of the Charter of the City of Rochester. ECF No. 1 at 11. The petition does not refer to the United States Constitution or any federal law. And for that reason, there is no federal question jurisdiction. *See Howorka*, 2026 WL 864193, at *4 (finding "no federal question jurisdiction" because "the state court complaint initiated only a mortgage foreclosure action and [did] not refer to either the United States

Constitution or [federal law].").

To the extent Wik seeks to invoke diversity jurisdiction, the Court rejects that argument. Diversity jurisdiction requires that "all plaintiffs be citizens of states diverse from those of all defendants." *Logan v. Town of Windsor, New York*, 833 F. App'x 919, 920 (2d Cir. 2021) (internal quotation marks, citation, and ellipsis omitted). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

Although Wik states that he is not a citizen of New York State, numerous factors support the conclusion that his domicile is New York: Wik was born in New York, currently resides in New York, and has owned property in New York since 2003. ECF No. 5 at 2, 7. Accordingly, the Court concludes that Wik's citizenship is New York State for diversity jurisdiction purposes and finds that Wik has not carried his burden of demonstrating that his citizenship is not New York.[2] In light of Wik's citizenship, the complete diversity requirement has not been met because the

[2] To the extent that Wik attempts to disclaim his New York State citizenship based on a "sovereign citizenship" theory, the Court rejects that argument. *See Carlson v. Carlson*, No. CV-22-08204-PCT-GMS, 2022 WL 17832780, at *1 (D. Ariz. Dec. 21, 2022) (collecting cases for the proposition that "'[s]overeign citizens' cannot establish subject matter jurisdiction by claiming they are independent of the state in which they reside."); *Bey v. 279 Capital LLC*, No. 17-CV-4488, 2020 WL 2542134, at *2 (E.D.N.Y. May 19, 2020) (holding that "sovereign citizen status does not support diversity jurisdiction").

opposing party — the City of Rochester, New York — is also a citizen of New York. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States . . . ."); *Logan v. Town of Windsor, New York*, 833 F. App'x 919, 920 (2d Cir. 2021) (finding the Town of Windsor, New York is a citizen of New York for purposes of diversity jurisdiction); *City of Philadelphia v. Hand*, No. 25-3246, 2026 WL 700329, at *2 (3d Cir. Mar. 12, 2026) ("Because both [the removing party] and the City [of Philadelphia, the opposing party] are Pennsylvania citizens, complete diversity was lacking . . ., so the District Court had no choice but to remand the case to state court . . . ."). As such, there is no diversity jurisdiction.

## CONCLUSION

For the reasons stated above, the City of Rochester's motion, ECF No. 2, is GRANTED, and the case is remanded to New York State Supreme Court, Monroe County pursuant to 28 U.S.C. § 1447(c). The Clerk of Court shall close this case.

SO ORDERED.

DATED: August 31, 2026
Rochester, New York

Meredith Vacca
HON. MEREDITH A. VACCA
United States District Judge